**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN VEUGELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 CV 5735 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| CITY OF JOLIET, | ) | |
| JUAN SANTIAGO, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff John Veugeler is a resident of Orland Park, Illinois.

5. Defendant-Officer Juan Santiago (badge #169) is a duly appointed and sworn Joliet police officer.

6. At all times relevant to this Complaint, Defendant Santiago and the other Joliet police officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. Defendant Santiago is sued in his individual capacity.

8. Defendant City of Joliet is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Santiago and the other Joliet police officers described in this Complaint.

**Facts**

9. On December 1, 2019, at approximately 2:30 in the morning, Plaintiff was sitting in his car in the parking lot of Walgreens at 1801 Ingalls Avenue, in Joliet, Illinois.

10. Joliet police Officer Vanessa Terry (badge #279) approached Plaintiff's car.

11. Defendant Santiago also approached Plaintiff's car, opened the driver's door and proceeded to physically shake Plaintiff.

12. Plaintiff exited his car and stood calmly next to his vehicle.

13. Plaintiff displayed both his hands. Plaintiff provided his driver's license in response to the officers' orders.

14. At this point two other police officers were present, including Officer Moore (#181) and another Joliet police officer (name unknown).

15. A total of four Joliet police officers were present after Plaintiff exited his vehicle.

16. Defendant Santiago proceeded to take Plaintiff's and run his name via dispatch.

17. Plaintiff came back "clear" meaning there were no outstanding warrants for his arrest.

18. Plaintiff and two of the other Joliet police officers were conversing while Defendant Santiago was running Plaintiff's name.

19. While conversing, Plaintiff remained at the side of his vehicle and did not physically approach any of the officers.

20. Defendant Santiago and the fourth Joliet police officer more closely approached Plaintiff where he remained standing on the side of his car.

21. At this point, Plaintiff was surrounded by four police officers including Defendant Santiago, Officer Terry and Officer Moore.

22. Defendant Santiago then shoved Plaintiff in the chest and backward into Plaintiff's car.

23. One or more of the officers proceeded to turn Plaintiff around and place his hands behind his back.

24. All four officers then proceeded to take Plaintiff to the ground, surround him and restrain him face down on the ground.

25. While Plaintiff was on the ground and being held down by the four Joliet police officers, Defendant Santiago proceeded to punch Plaintiff multiple times in his back.

26. Prior to Defendant Santiago pushing Plaintiff, Plaintiff had complied with the officers' orders.

27. Prior to Defendant Santiago pushing Plaintiff, Plaintiff had not made any physical contact with any of the officers.

28. Prior to Defendant Santiago pushing Plaintiff, Plaintiff had not attempted to make any physical contact with any of the officers.

29. Prior to Defendant Santiago pushing Plaintiff, Plaintiff had not resisted any of the Joliet police officers.

30. Defendant Santiago and the other Joliet police officers initiated the physical contact with Plaintiff.

31. Prior to Defendant Santiago punching Plaintiff, Plaintiff had not physically resisted any of the police officers.

32. Plaintiff never initiated any physical contact with any of the police officers.

33. All physical contact between the police officers and Plaintiff was initiated by the Joliet police officers.

34. Plaintiff did not batter any police officer or any other individual on December 1, 2019.

35. Defendant Santiago completed a police report regarding the incident.

36. Defendant Santiago made false allegations in his police report, including falsely claiming that Plaintiff approached Defendant Santiago in an aggressive manner.

37. Defendant Santiago made false allegations in his police report, including falsely claiming that Plaintiff put Defendant Santiago in fear of receiving a battery.

38. Defendant Santiago made false allegations in his police report, including falsely claiming that Plaintiff refused to cooperate after being ordered multiple times.

39. Defendant Santiago brought false criminal charges against Plaintiff for battery, aggravated assault and resisting a police officer based on these false allegations.

40. By alleging these criminal charges against Plaintiff, Defendant Santiago initiated criminal proceedings against Plaintiff.

41. As a result of the officers' arrest and use of force on Plaintiff, Plaintiff sustained injuries.

42. Plaintiff was taken, in custody, to St. Joseph Hospital for treatment of his injuries.

43. Sgt. John Ross (badge #69) photographed Plaintiff's injuries at the hospital.

44. Plaintiff was then taken to the Joliet police station.

45. Sgt. Ross obtained a video recording of the incident from Walgreens' surveillance cameras.

46. The video recording of the incident does not depict Plaintiff committing a battery to any person.

47. The video recording of the incident shows that Defendant Santiago shoved Plaintiff backward into Plaintiff's car.

48. The video recording of the incident shows that the Joliet police officers initiated any and all physical contact with Plaintiff.

49. The video recording of the incident shows that Plaintiff did not approach Defendant Santiago in an aggressive manner.

50. The video recording of the incident shows that Plaintiff did not put Defendant Santiago in reasonable fear of receiving a battery.

51. The video recording of the incident shows that Plaintiff did not commit aggravated assault.

52. The video recording of the incident shows that Plaintiff was fully compliant with the Joliet police officers prior to Defendant Santiago shoving Plaintiff.

53. The video recording of the incident shows that Plaintiff did not commit a battery to any Joliet police officer or other person.

54. Plaintiff hired an attorney to represent and defend him against the false criminal charges brought by Defendant Santiago.

55. When Plaintiff and his attorney appeared in court on the criminal charges, the criminal case against Plaintiff did not proceed and/or was dismissed.

56. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages, including loss of physical liberty, physical pain and suffering, emotional distress, and lost wages.

**COUNT I**
**42 U.S.C. § 1983 – Excessive Force**

57. Plaintiff realleges the above paragraphs as if fully set forth herein.

58. Defendant Santiago used force on Plaintiff, including shoving him in the chest and punching him multiple times, as described above.

59. Defendant Santiago's use of force violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Santiago,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT II**
**42 U.S.C. § 1983 – Unlawful Seizure without Probable Cause**

60. Plaintiff realleges the above paragraphs as if fully set forth herein.

61. Defendant Santiago brought criminal charges against Plaintiff.

62. Defendant Santiago lacked probable cause for these criminal charges.

63. The criminal charges caused Plaintiff to be detained at the police station, held on an I-bond, and subjected to criminal prosecution.

64. Defendant Santiago, in bringing the false criminal charges against Plaintiff, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unlawful seizure without probable cause.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Santiago,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT III**
**Battery**

65. Plaintiff realleges the above paragraphs as if fully set forth herein.

66. Defendant Santiago and the other Joliet police officers made offensive or harmful contact with Plaintiff.

67. Such offensive or harmful contact was made without Plaintiff's consent and without any other legal justification.

68. Such offensive or harmful contact caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Santiago and the City of Joliet as employer of Defendant Santiago and the other Joliet police officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT IV**
**Respondeat Superior**

69. Plaintiff realleges the above paragraphs as if fully set forth herein.

70. Defendant Santiago and the other Joliet police officers involved in the seizure, arrest, and battery of Plaintiff, were acting in the scope of their employment and as agents of their employer City of Joliet.

71. City of Joliet is liable for the acts of its agents and employees, and is therefore liable for malicious prosecution, battery and any other state law claims that arise out of the incident that is the subject of this Complaint.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against City of Joliet,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT V**
**Indemnification Claim pursuant to 745 ILCS 10/9-102**

72. Plaintiff realleges the above paragraphs as if fully set forth herein.

73. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Joliet is liable for any judgments for compensatory damages in this case arising from the Defendant Santiago and/or the other Joliet police officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Joliet to indemnify the Defendant Santiago and/or the other Joliet police officers for any judgment for compensatory damages and attorneys' fees in this case arising from their actions.

78. Jury trial demanded.

Respectfully submitted,

/s/ Amanda S. Yarusso
Counsel for Plaintiff

Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198